UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------- X

VINCENT SMITH,

                              Plaintiff,     **COMPLAINT**

            -against-

THE CITY OF NEW YORK; P.O. JOSEPH McEVOY;
P.O. LYHEEM OLIVER; and P.O. JOHN DOES #     ECF Case
1-2, the individual defendant(s) sued
individually and in their official           Jury Trial Demanded
capacities,

                              Defendants.

----------------------------------------- X

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which plaintiff

seeks relief for the violation of plaintiff's rights secured by

42 U.S.C. § 1983; and the First, Fourth, Sixth, and Fourteenth

Amendments to the United States Constitution, and the laws of

the State of New York.  Plaintiff's claims arise from an

incident that arose on or about July 5, 2011.  During the

incident, the City of New York, and members of the New York City

Police Department ("NYPD") subjected plaintiff to, among other

things: unlawful search and seizure; false arrest; assault and

battery; unreasonable force; failure to intervene; retaliation;

malicious prosecution; denial of a fair trial; implementation

and continuation of an unlawful municipal policy, practice, and

custom; and respondeat superior liability.  Plaintiff seeks

compensatory and punitive damages, declaratory relief, an award

of costs and attorney's fees, pursuant 42 U.S.C. § 1988, and

such other and further relief as the Court deems just and

proper.

### JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. §

1983, and the First, Fourth, Sixth, and Fourteenth Amendments to

the United States Constitution.  Jurisdiction is conferred upon

this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and

1343.

3.     Plaintiff invokes the supplemental jurisdiction

of this Court pursuant to 28 U.S.C. § 1367 to hear and decide

claims arising under state law.  With respect to the September

30, 2011 incident, plaintiff's notice of claim was duly filed on

defendant City of New York within 90 days of the incidents at

issue, more than 30 days have elapsed since such filing and the

City of New York has refused to settle plaintiff's claims.

Moreover, this action has been filed within one year and 90 days

of the incidents.  Plaintiff has satisfied all conditions

precedent for the filing of this action.

4.     Venue is proper here pursuant to 28 U.S.C. § 1391

because some of the acts in question occurred in Kings County,

2

and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.   Plaintiff Vincent Smith is an African American, and resident of the State of New York, Kings County.

6.   At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.   At all times alleged herein, defendants P.O. Joseph McEvoy, P.O. Lyheem Oliver and P.O. John Does # 1-2 were New York City Police Officers employed with 73rd Precinct, located in Kings County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8.   The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

### Incident

9.   On July 5, 2011, at and in the vicinity of Chauncey Street and Broadway Avenue, Brooklyn, New York, and the 73rd Precinct, Brooklyn, New York, several police officers operating from the 73rd Precinct Police Precinct, including upon information and belief, defendants P.O. McEvoy, P.O. Oliver, and

3

P.O. John Does # 1-2, at times acting in concert, and at times acting independently, committed the following illegal acts against the plaintiff.

10.   On July 5, 2011, at approximately 11:00 p.m. in the vicinity of Chauncey Street and Broadway Avenue, Brooklyn, New York, P.O. McEvoy, P.O. Oliver, and P.O. John Does # 1-2, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime unlawfully arrested plaintiff.

11.   Plaintiff was his friend and walking on the street when the police approached them a police van.

12.   The police were wearing plain clothes.

13.   The police repeatedly asked plaintiff and his friend questions about their whereabouts and demanded that they produce their identification.

14.   Plaintiff and his friend turned over their identification, but when plaintiff expressed his frustration with the police's harassment, one officer came at plaintiff with handcuffs, and grabbed and rear-cuffed him.

15.   The officer made the handcuffs purposely tight, and refused to loosen them when plaintiff asked him to.

16.    The officer then took plaintiff next to the police van and punched plaintiff in the ribs, then smacked plaintiff in the face with the shirt that plaintiff had been carrying on his shoulders.

17.    The police laughed and joked about what they were doing.

18.    The police cursed at plaintiff.

19.    The police were demeaning to plaintiff.

20.    The police went through plaintiff's pockets.

21.    The police put plaintiff in their van.

22.    In the van, the officer who hit plaintiff taunted him, by telling plaintiff that he was going to get his *first bus ticket* to Rikers Island.

23.    The same officer asked plaintiff if he worked and when plaintiff answered yes, the officer said plaintiff better tell his employer about his arrest or the police would.

24.    The police parked at the 73rd Precinct and left plaintiff in the van while the officer who hit plaintiff had a cigarette outside.

25.    Eventually another officer took plaintiff's identification and gave him a desk appearance ticket, charging plaintiff with disorderly conduct.

26.    The police then released plaintiff.

5

27.    In order to cover up their illegal actions, the defendant officers, pursuant to a conspiracy, initiated, and falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed various crimes.

28.    The defendant officers made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct, to retaliate against plaintiff, to meet productivity goals and quotas, and to justify overtime expenditures.

29.    Upon information and belief, the unlawful actions against plaintiff were also based on profiling.

30.    However, as there was no basis to arrest plaintiff, much less prosecute him, the charges against plaintiff were dismissed on or about September 15, 2011, and the case against him terminated in his favor.

**General Allegations**

31.    The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

32.    Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

6

58.   At no time prior to, during or after the above
incidents were the individual defendants provided with
information, or in receipt of a credible or an objectively
reasonable complaint from a third person, that plaintiff had
violated any law, regulation, or administrative code; committed
any criminal act; or acted in a suspicious or unlawful manner
prior to or during the above incidents.

59.   The defendants acted under pretense and color of
state law and within the scope of their employment. Said acts
by said defendants were beyond the scope of their jurisdiction,
without authority or law, and in abuse of their powers, and said
defendants acted willfully, knowingly, and with the specific
intent to deprive plaintiff of their rights.

60.   As a direct and proximate result of defendants'
actions, plaintiff experienced personal and physical injuries,
pain and suffering, fear, an invasion of privacy, psychological
pain, emotional distress, mental anguish, embarrassment,
humiliation, and financial loss.

61.   Plaintiff is entitled to receive punitive damages
from the individual defendants because the individual
defendants' actions were motivated by extreme recklessness and
indifference to plaintiff's rights.

7

## FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

62.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63.    Defendants unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

63.    Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

64.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

65.    Defendants unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

66.    Accordingly, defendants are liable to plaintiff for unlawful search and seizure under New York State law.

## THIRD CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

67.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

68.    Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable

8

cause, or reasonable suspicion that plaintiff had committed a crime.

69.   Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

70.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

71.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

72.   Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

## FIFTH CLAIM

### (UNREASONABLE FORCE)

73.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

74.   The individual defendants' use of force upon plaintiffs was objectively unreasonable.

75.   The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force

against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

76.    Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

77.    Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### SIXTH CLAIM

#### (ASSAULT)

78.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

79.    Among other things as described above, defendants' search and seizure, battery, false arrest, and excessive use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

80.    Accordingly, defendants are liable to plaintiff under New York State law for assault.

### SEVENTH CLAIM

#### (BATTERY)

81.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

82. Among other things as described above, defendants' search and seizure, false arrest, and excessive use of force against plaintiff were illegal physical contacts.

83. Accordingly, defendants are liable to plaintiff under New York State law for battery.

### EIGHTH CLAIM

### (FAILURE TO INTERVENE)

84. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

85. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

86. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

### NINTH CLAIM

### (RETALIATION CLAIM)

87. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

88. Plaintiff exercised free speech during the incident by, among other things, complaining about the individual defendants' unlawful acts.

11

89.     Plaintiff's use of free speech was a motivating factor in the individual defendants' decision to falsely arrest them.

90.     Accordingly, the individual defendants are liable to plaintiff under the First Amendment to the United States Constitution.

## TENTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER FEDERAL LAW)

91.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

92.     The individual defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution(s) against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed complaints and police reports) to prosecutors and/or the court(s), which alleged plaintiff had committed various crimes.

93.     The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

94.     The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

12

95.   The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiff.

### ELEVENTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER STATE LAW)

96.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

97.   The individual defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution(s) against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed complaints and police reports) to prosecutors and/or the court(s), which alleged plaintiff had committed various crimes.

98.   The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

99.   The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

### TWELFTH CLAIM

### (DENIAL OF FAIR TRIAL)

100.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

101.   The defendants are liable to plaintiff because they intentionally conspired to fabricate evidence against plaintiff, depriving plaintiff of liberty without due process of law.

102.   Furthermore, the defendants violated the law by making false statements by drafting and/or signing a sworn criminal court complaint and false police reports.

103.   Furthermore, the individual defendants violated the law by manipulating evidence to obtain a prosecution and unjust conviction, while performing the function of investigators.

104.   The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and is redressable in an action for damages under 42 U.S.C. § 1983.

105.   The individual defendants are also liable to plaintiff because they intentionally created false information likely to influence a fact finder's or jury's decision by, *inter alia*, forwarding false information to prosecutors, drafting and signing a sworn criminal court complaint and police reports, omitting and/or manipulating evidence, fabricating testimony and

14

evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating plaintiff's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

### THIRTEENTH CLAIM

### (MONELL CLAIM)

106.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

107.    Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

108.    Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiff: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; (5) fabricating evidence against innocent persons; and (6) retaliating against people who complain about police misconduct.

15

109.  Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

110.  Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

111.  Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

112.  The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the

16

individual defendants' propensity to violate the rights of individuals.

113.    In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison. In 2011, Brooklyn South Narcotics officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. In 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually

17

assaulting a woman at gunpoint and is presently serving a

sentence of 75 years to life.

114.   Additionally, the existence of the aforesaid

unconstitutional customs and polices of profiling minorities,

may be inferred from an analysis of the NYPD conducted by the

New York Civil Liberties Union ("NYCLU").   The NYCLU's analysis

revealed that more than 2 million innocent New Yorkers were

subjected to police stops and street interrogations from 2004

through 2011, and that black and Latino communities continue to

be the overwhelming target of these tactics.   Nearly nine out of

10 stopped-and-frisked New Yorkers have been completely

innocent, according to the NYPD's own reports.

115.   In August 2009, Proffer Levine released a report

entitled *The Epidemic of Pot Arrests in New York City*, which

stated: Perhaps most appalling is who the police are arresting

for marijuana possession.   United States government studies have

consistently found that young whites use marijuana at higher

rates than do young blacks or Latinos. But the NYPD has long

arrested young blacks and Latinos for pot possession at much

higher rates than whites. In 2008, blacks were about 26% of New

York City's population, but over 54% of the people arrested for

pot possession. Latinos were about 27% of New Yorkers, but 33%

of the pot arrestees. Whites were over 35% of the City's

18

population, but less than 10% of the people arrested for possessing marijuana. In 2008, police arrested Latinos for pot possession at four times the rate of whites, and blacks at seven times the rate of whites.

116. Furthermore, documented civilian complaints about officer misconduct show that African Americans are the most likely targets of abuse, but their complaints are largely ignored. According to the City of New York's Civil Complaint Review Board's ("CCRB") Status Report, dated December and January 2010, in 2010 African Americans were overrepresented as alleged victims of police misconduct. Although making up only 23% of New York City's population, they are 58.5% of the alleged victims in CCRB complaints. On the other hand, whites and Asians were a disproportionately low percentage of alleged victims.

117. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

118. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

119.   The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

### FOURTEENTH CLAIM

### (RESPONDEAT SUPERIOR)

120.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

121.   The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including falsely arresting, assaulting, and battering plaintiff.

20

122.   The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE,** plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.   Compensatory damages in an amount to be determined by a jury;

b.   Punitive damages in an amount to be determined by a jury;

c.   Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.   Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
October 3, 12

MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiff*
16 Court Street, Suite 3301
Brooklyn, New York 11241
(718) 246-2900
mhueston@nyc-rr.com
By:

MICHAEL O. HUESTON

21